.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**BRANDI REED**
    **Plaintiff,**

**VS.**                                                   **CASE NO.: CV 2020-_____**

**CITY OF DECATUR, ALABAMA**

**AND**

**TAB BOWLING**
**INDIVIDUALLY AND**
**IN HIS OFFICIAL CAPACITY AS MAYOR**
**OF DECATUR, ALABAMA**

**AND**

**NATE ALLEN**
**INDIVIDUALLY AND**
**IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE**
**OF THE DECATUR POLICE DEPARTMENT**

## COMPLAINT

Comes now the Plaintiff, Brandi Reed, by and through her attorneys, W. Brent Woodall and David P. Bradley, Jr., and files the following Complaint containing causes of action against the below named Defendants:

## ACTION

1. Plaintiff Brandi Reed, a POST certified law enforcement officer who, during her employment with the Decatur Police Department, a department of the City of Decatur, Alabama, held the ranks of Investigator and patrol officer, institutes this action to seek

. redress for gender-based discrimination and retaliatory actions the Defendants took against her.

## JURISDICTION AND VENUE

2. Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e *et seq.*; and violations of Plaintiff's rights under the United States Constitution, pursuant to 42 U.S.C. § 1983.

3. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 1983; and 28 U.S.C. § 1331.

4. The defendants' actions alleged below were committed within the Northern District of Alabama and venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

5. Brandi Reed ("Reed"), the plaintiff, is a female citizen of the United States of America and a resident of Lawrence County, Alabama. At all times pertinent to this action, the plaintiff was an "employee" of the City of Decatur, Alabama within the meaning of 42 U.S.C. § 2000e(f).

6. The defendant City of Decatur, Alabama ("City") is a municipality organized and existing under the laws of Alabama and is located in Morgan County, Alabama. In the exercise of its powers, the City has established the Decatur Police Department ("DPD") as a department of the City. Defendant Tab Bowling ("Bowling") is the current elected mayor

.
of the City and Defendant Nate Allen ("Allen") is the Chief of Police of the DPD. At all times relevant to this action, the City acted through Bowling and Allen and the acts, edicts, and practices of these persons represent the official policies of the City. At all times relevant to this action, the City was Reed's "employer" within the definition o 42 U.S.C. § 2000e(b) and a "person" within the definition of 42 U.S.C. § 1983.

## FACTS

7. Plaintiff began employment with the DPD in June 2012. Her initial rank was "patrol officer."

8. While Plaintiff was working as a patrol officer, a DPD supervisor informed her that her immediate supervisor was micro-managing her but not micro-managing male officers. The micro-management of Plaintiff was unrelated to any concerns about the quality of Plaintiff's work. Plaintiff personally observed actions by her immediate supervisor that demonstrated he was micro-managing her but not micro-managing male officers.

9. Also while Plaintiff was working as a patrol officer, Plaintiff was denied a transfer from the "zone" to which she was assigned to another "zone" although similar requests made by male officers were routinely granted. There was no gender-neutral reason for the denial of Plaintiff's request.

10. In or about 2017, Plaintiff was assigned to the Narcotics Division of DPD. While working in the Narcotics Division, Plaintiff's rank was "Investigator." During the time she worked in the Narcotics Division, Plaintiff's supervisors told her that she was

.
being treated differently because she was a female while one supervisor told her that he viewed her as a "daughter figure." Plaintiff reported those comments to Defendant Allen, who shortly thereafter disbanded the Narcotics Division. Plaintiff was then reassigned the rank of "patrol officer" and lost the opportunity to work and be compensated for additional overtime hours.

10. In or about June 2018, the Plaintiff received a summons to appear in the Hartselle, Alabama Municipal Court ("municipal court") on a claim of harassment.

11. Following Plaintiff's receipt of the summons, Defendant Allen removed Plaintiff from her duties as a patrol officer and assigned her to administrative duties. While on administrative duty, Plaintiff was assigned to work the front desk of DPD, where she interacted with the public on a daily basis. Also while on administrative duty, Plaintiff was initially denied the use of her patrol vehicle which was re-assigned to a male officer. Plaintiff was also initially denied the use of her computer and was not permitted to attend any training offered by any law enforcement agency while Plaintiff was on duty. Plaintiff was also initially denied the opportunity to earn additional income while she was on administrative duty.

12. During the time that Plaintiff was assigned to administrative duty, she began informing her supervisors that she was being treated differently because she was a female. After she informed her supervisors, the Plaintiff's computer was returned to her, her ability to earn additional income was restored, and her patrol vehicle was re-assigned to her.

.

13. Male DPD officers who were on administrative duty were allowed to continue the use of their vehicles and computers as well as to attend training offered by law enforcement agencies.

14. Defendant Allen met with Plaintiff in January 2019 and informed her that she would not be terminated.  Defendant Allen instructed Plaintiff to meet with Defendant Bowling and inform him of the problems she had encountered because she was being treated differently.

15. Plaintiff followed Defendant Allen's instructions and met with Defendant Bowling, informing him of the ways in which she had been discriminated against due to her gender.

16. In or about January 2019, Plaintiff received a letter from Defendant Bowling informing her that her employment had been terminated.

17. Male officers at DPD have been arrested for various crimes and yet were not terminated. Indeed, some of the male officers who have been arrested for various crimes have been promoted within the DPD.

## ADMINISTRATIVE PROCEDURES

18. On or about July 4, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in its Birmingham, Alabama office.  Plaintiff's EEOC Charge alleged that the City had engaged in unlawful sex discrimination and retaliation against her in actions it took against Plaintiff following the allegations of criminal conduct and in her ultimate termination.

.

19. On or about January 29, 2020, the EEOC issued its Notice of Suit Rights letter concerning Plaintiff's charges, which she received thereafter.

20. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.  Plaintiff timely filed her charge of sexual harassment and retaliation with the EEOC, within 180 days of the occurrence of the last discriminatory act(s) and files this Complaint within 90 days of the receipt of Notice of Suit Rights letter from the EEOC.

## COUNT I

### Gender Discrimination in Violation of Title VII

21. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

22. Plaintiff belongs to a protected group as she is female.

23. Defendants City, Bowling, and Allen willfully discriminated against Plaintiff because of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2.  Specifically, defendants City, Bowling, and Allen discriminated against Plaintiff by terminating her following her acquittal in municipal court while not terminating male officers who have been arrested for various offenses.

24. As a proximate result of Defendant City, Bowling, and Allen's violations of Plaintiff's civil rights, plaintiff has suffered damages, including loss of income and benefits; loss of quality and enjoyment of life; loss of reputation; and other damages to be proven at trial.  Plaintiff is entitled to recover her compensatory damages pursuant to 42 U.S.C. §§ 1981a and 2000e-5.

.

## COUNT II

### Retaliation Under Title VII

25. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

26. Defendants City, Bowling, and Allen retaliated against Plaintiff after she, while on administrative duty, informed her supervisors that she was being treated differently. Specifically, defendants City, Bowling, and Allen retaliated against Plaintiff by terminating her. Defendants' conduct against Plaintiff constitutes retaliation under Title VII which makes it unlawful for an employer to discriminate against an employee who opposes unlawful practices.

27. As a proximate result of Defendants' willful conduct, Plaintiff has suffered extreme harm including, but not limited to pain, anxiety, humiliation, mental anguish and suffering.

## COUNT III

### 42 U.S.C. § 1983 Violation---Equal Protection

28. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraphs with the same force and effect as if fully set out in specific detail herein.

29. In the discriminatory act of terminating Plaintiff following her acquittal in municipal court but not terminating male DPD officers who had also been arrested for alleged criminal offenses, Defendants City, Bowling, and Allen, acting under color of state and local law, denied to Plaintiff her Constitutional right to equal protection of the law, to

.
be free from gender discrimination, as guaranteed by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

24. As a proximate result of Defendants City, Bowling, and Allen's violations of Plaintiff's Constitutional rights, Plaintiff has suffered damages, including loss of income and benefits; loss of quality and enjoyment of life; loss of reputation; and other damages to be proven at trial. Plaintiff is entitled to recover her compensatory damages pursuant to 42 U.S.C. §§ 1981a and 2000e-5.

**PRAYER FOR RELIEF**

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff respectfully prays for judgment, both compensatory and punitive, both jointly and severally, against the Defendants named in the Complaint in an amount to be determined by a struck and empaneled jury. Plaintiff also prays that this Court provide the following additional relief:

1. Issue a declaratory judgment that the acts, practices, and policies of defendants City, Bowling, and Allen were in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Constitution of the United States;

2. Issue a permanent injunction enjoining defendant City, its officers, employees, and all of those acting in concert with defendants City, Bowling, and Allen and at their direction, from continuing to engage in

.

    the unlawful and discriminatory policies, acts and practices complained of herein;

3. Enter an Order requiring Defendants to make Plaintiff whole by awarding Plaintiff compensatory and punitive damages in an amount to be proven at trial.

4. Award the costs of this action, including reasonable attorneys' fees, as provided by 42 U.S.C. § 2000e-5(k) and 42 U.S.C. § 1988; and

5. Award pre-judgment and post-judgment interest on all amounts awarded in this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to all issues raised herein.

Respectfully submitted this the 20th day of April 2020.

                          */s/ W. Brent Woodall*
                          **W. BRENT WOODALL (WOO103)**
                          121-B South Court Street
                          Florence, AL 35630
                          (256) 349-2507
                          Email: woodalltrialad@hushmail.com

                          */s/ David P. Bradley, Jr.*
                          **DAVID P. BRADLEY, JR. (BRA163)**
                          121-B South Court Street
                          Florence, AL  35630
                          (256) 349-2507
                          Email: dpbradleylaw@gmail.com

.

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing instrument upon party(s) to this action via electronic filing, this the 20th day of April 2020.

**/s/ W. Brent Woodall**
**WBW**